**In re Petition for DISCIPLINARY ACTION AGAINST Terri A. HAUGE (f.k.a., Terri A. Hagemayer–Hauge), an Attorney at Law of the State of Minnesota.**

No. C4–95–1673.

Supreme Court of Minnesota.

Nov. 8, 1995.

---

### ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Terri A. Hauge, in three instances detailed in the petition, failed to act with reasonable diligence and promptness in connection with client matters and misrepresented to one client the status of the matter entrusted to her and, further, that she was uncooperative with the Director's office in its investigation of these matters; and

WHEREAS, the Director and respondent have entered into a stipulation wherein respondent waives her rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and unconditionally admits the allegations of the petition, claiming in mitigation, to which the Director agrees, that her psychological condition may have contributed to some of the misconduct, and in which they jointly recommend that respondent be suspended for 90 days pursuant to Rule 15, that the reinstatement hearing provided for in Rule 18(a) through (d) be waived, that she comply with Rule 26 and that she pay $750 in costs pursuant to Rule 24(a); that she be reinstated following the 90-day suspension provided that at least 15 days prior thereto, she files an affidavit with the Clerk of Appellate Courts and the Director's office establishing that she is current with Continuing Legal Education requirements, has fully complied with Rule 24 or has entered into a payment agreement with the Director's office regarding the payment of costs, has fully complied with Rule 26 and has continued regular counseling sessions, and that upon reinstatement, respondent will be placed on 3 years' probation on the following conditions:

1. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

2. Respondent shall abide by the Minnesota Rules of Professional Conduct.

3. Respondent may practice law as a sole practitioner or as a partner or associate in a law firm only after:

(1) Receiving the Director's consent to do so and complying with any conditions the Director may deem necessary. Such conditions may include providing the Director with proof of psychological fitness to practice law as a solo practitioner.

(2) If respondent turns to private practice either as a sole practitioner or as a partner or employee of a law firm, she shall nominate an attorney accept-

able to the Director to monitor and supervise respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may, at her option, appoint any licensed Minnesota lawyer acceptable to her as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

(3) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(4) Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(5) Within 30 days from the date respondent is reinstated to the practice of law by the Court, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

(6) Respondent shall continue treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

(7) Respondent shall execute written authorizations for release of information to enable the Director and respondent's licensed psychologist or other mental health professional to transfer and exchange information regarding respondent's therapy programs and respondent's disciplinary matters in connection with this office; and

WHEREAS, this court has independently reviewed the record and agrees that the admitted-to conduct warrants the discipline recommended by the Director and respondent;

IT IS HEREBY ORDERED that Terri A. Hauge is suspended for 90 days and may be reinstated pursuant to the conditions set out above and that, upon reinstatement, she will be on 3 years' probation on the above conditions.

BY THE COURT:

/s/ Mary Jeanne Coyne
Mary Jeanne Coyne
Associate Justice